**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                                                  Hon. Hugh B. Scott

                                                  12CR39S

                     v.

                                                  Decision &
                                                  Order

**Clifford Smith,**

                       **Defendants.**

Before the Court are the defendant's following motions: omnibus motion for various types of pretrial relief (Docket No. 40); motion to suppress identification (Docket No. 51) and motion to dismiss the indictment (Docket No. 52).[1]

**Background**

On April 13, 2013, the Grand Jury for the Western District of New York issued the Second Superseding Indictment charging Clifford Smith ("Smith") with conspiracy to commit bank robbery [Count 1], bank robbery, the entry of a bank to commit larceny, and bank larceny relating to the robbery of a HSBC bank on September 29, 2011 [Counts 2-4]; bank robbery, the

---

[1] The dispositive issues raised in the various motions are addressed in a separate Report & Recommendation.

entry of a bank to commit larceny, and bank larceny relating to the robbery of a HSBC bank on October 21, 2011 [Counts 5-7]; bank robbery, the entry of a bank to commit larceny, and bank larceny relating to the robbery of a HSBC bank on October 25, 2011 [Counts 8-10]; bank robbery, the entry of a bank to commit larceny, and bank larceny relating to the robbery of a HSBC bank on November 8, 2011 [Counts 11-13]; brandishing a firearm during a crime of violence [Count 14]; and tampering with a witness [Count 15]. (Docket No. 36).

**Discovery**

The defendant motion seeks various types of pretrial discovery. The government has produced substantial discovery in this case. The defendant specifically requested notification of any identification procedures used in this case. (Docket No. 40 at page 14). The government represented that it has provided such notice (Docket No. 43 at page 15). The parties have not identified outstanding discovery issues.

**Rule 12 Notice**

The defendant also requests notice under Rule 12. (Docket No. 40 at page 4). The government's response does not reflect of such notice has been provided. In any event, if not already provided, the government shall provide notice to the defendants pursuant to Rule 12.

**Exclusion of Non-Testifying Co-Conspirators**

The defendant seeks to preclude introduction of any statements made by non-testifying co-conspirators. The Jencks Act provides the exclusive procedure for discovering statements

that government witnesses have given to law enforcement agencies.  U.S. v. Covello, 410 F.2d 536, 543 (2d. Cir.) cert. denied 396 U.S. 879 (1969).  The defendant is not entitled to a pretrial hearing to determine the admissibility of co-conspirator statements under U.S. v. James, 590 F.2d. 575 (5th Cir. 1979).  James hearings are not required in the Second Circuit.  Instead, in this circuit the judge presiding over the trial of the case makes a ruling pursuant to U.S. v. Geaney, 417 F.2d 1116 (2d Cir. 1969) during the trial regarding the admissibility of the statements.  See also U.S. v. Feola, 651 F.Supp 1068 (SDNY 1987), aff'd 875 F.2d 857 (2d Cir. 1989, cert. denied 493 U.S. 834 (1989); U.S. v. Margiotta, 688 F.2d 108 (2d Cir. 1982) cert. denied 461 U.S. 913 (1983); U.S. v. Mastropieri, 685 F.2d 776 (2d Cir. 1982) cert. denied 459 U.S. 945 (1982); U.S. v. Persico, 621 F.Supp 842 (SDNY 1985) aff'd 774 F.2d 30 (2d Cir. 1985).

Similarly, challenges to the admissibility of a statement under Bruton v. United States, 391 U.S. 123 (1968) are more appropriately determined by the presiding District Judge at trial.

**Brady and Jencks Act Material**

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness."

U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).  The defendants also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and Giglio v. United States, 405 U.S. 150 (1972), as well as the Jencks Act. (Docket No. 43 at page 18). Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein,  601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials);

---

[2]   In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974);  U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the

common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Rule 404, 608 and 609 Material**

The defendant also seeks information under Rules 404, 608 and 609 of the Federal Rules of Evidence. Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief. Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use any such evidence of a prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

**Preservation of Rough Notes and Evidence**

The defendant requests the preservation of notes taken by law enforcement personnel involved in this matter and other evidence. The government is directed to preserve this material.

**Audibility Hearing**

Smith requests an audibility hearing regarding tape recordings the government intends to use at trial. The defendant does not allege that any particular tape is inaudible. It appears that this issue is moot.

**Personnel Files**

The defendant requests that the government search the personnel files and records of government agents to determine the existence of Brady or Giglio material. (Docket No. 40 at page 23). The government is directed to search for such material and to produce such material if any exists.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 6, 2014